UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00366-SVW-KK | Date | August 11, 2017 |
| Title | *Shon Blue v. Diversified Adjustment Service* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DISMISSING FOR LACK OF SUBJECT-MATTER JURISDICTION [14]

  Plaintiff Shon Blue ("Blue") brought this action against Diversified Adjustment Service, Inc., ("DAS") for violations of the Federal Debt Collection Practice Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Complaint, Dkt. 1.

  The Court DISMISSES the case for lack of subject-matter jurisdiction. Plaintiff Blue has been unable to show standing, specifically a concrete and particularized injury-in-fact.

I.   **Factual And Procedural Background**

  In November 2016, DAS, a debt collection agency, sent Blue a collection letter with a number of payment options. Separate Statement of Undisputed Facts "SSUF", Nos. 1-2, Dkt. 14-4.[1] The options included payment by mail, online, phone call, or even in-person. DAS required debtors to pay a convenience fee if the debtor chose to pay online. SSUF, No. 3. This option required the debtor, Blue, to

---

[1] The Court relies on Defendant DAS's Separate Statement of Undisputed Facts because Plaintiff Blue has not provided a Statement of Genuine Undisputed Facts. Furthermore, based on Plaintiff's Memorandum in Opposition of the Motion for Summary Judgment (Dkt. 15), Plaintiff Blue does not actually dispute the facts in Defendant's Separate Statement of Undisputed Facts. To the extent that Blue disagrees, he does not really dispute the facts but offers other interpretations or explanations of them. This sort of conjecture by a lawyer in a motion without any other support is not enough to dispute the supported facts in DAS's SSUF. *See Langford v. Day*, 110 F.3d 1380, 1391 (9th Cir. 1996).

                                  :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-00366-SVW-KK | Date | August 11, 2017 |
|---|---|---|---|
| Title | *Shon Blue v. Diversified Adjustment Service* | | |

affirmatively opt-in to pay online. When Blue logged onto DAS's website to pay his debt, he did not agree to pay the convenience fee. In fact, he paid neither the convenience fee nor his outstanding debt. (SSUF, Nos. 8-10). Instead, he filed the aforementioned Complaint against DAS four months later, alleging violations of the FDCPA and the RFDCPA. Complaint. Blue claimed because DAS directed consumers to its website for payment and then charged a convenience fee that was not a part of the initial debt, DAS violated both acts.

In response, DAS filed a Motion for Summary Judgment on two grounds: first, that Blue's claims are barred because Blue does not have Article III standing and second, that Blue cannot make a showing sufficient to establish the existence of a violation under either the FDCPA or the RFDCPA. In response, this Court DISMISSES for lack of subject-matter jurisdiction.

## II. Requirements for Article III Standing

Standing doctrine stems from Article III of the Constitution, which limits the judicial power of federal courts to "actual cases or controversies." *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id*. The "'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). This case concerns the first element.

"To establish injury-in-fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Id*. at 1548 (quoting *Lujan*, 504 U.S. at 560). A "concrete injury must be de facto; that is, it must actually exist." *Id*. A plaintiff cannot automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1549. A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id*.

"The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. Without constitutionally-required, Article III jurisdiction, this Court cannot proceed.

## III. Discussion

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00366-SVW-KK | Date | August 11, 2017 |
| Title | *Shon Blue v. Diversified Adjustment Service* | | |

In *Spokeo v. Robins*, the Supreme Court addressed the question of "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Spokeo*, 136 S. Ct. at 1549. The Supreme Court held that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* "Congress's role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1550.

Here, Blue has filed claims against DAS alleging statutory violations of the FDCPA and the RFDCPA. One of the purposes of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Blue's complaint does not clarify what actual or particularized injury Blue suffered as a result of DAS's allegedly abusive debt collection practices. To the contrary, Blue admits that he did not even pay DAS's online collection fee, the exact charge he claims constitutes the entirety of DAS's allegedly abusive debt collection practice. (SSUF, No. 8). Blue further confirmed his lack of payment of the convenience fee before this Court during the July 10, 2017 Status Conference. (SSUF, No. 10).

Other courts have interpreted the injury-in-fact element of *Spokeo* in a similar manner. *See Hancock v. Urban Outfitters, Inc.*, No. 14-7047, 2016 WL 3996710, at *2-3 (D.C. Cir. July 26, 2016) (holding that claims that the defendant violated the D.C. Consumer Identification Information Act and the D.C Consumer Protection Procedures Act by requesting customers' zip codes in connection with credit card purchases is not a concrete Article III injury because the complaint lacks allegations that the plaintiffs suffered any "cognizable injury as a result of the zip code disclosures"); *Romero v. Dep't Store Nat'l Bank*, 199 F.Supp. 3d 1256 (S.D. Cal. Aug. 5, 2016) (holding that a debt collector's use of an automated dialing system was "merely a procedural violation" of the Telephone Consumer Protection Act that did not give the court adequate jurisdiction due to a lack of injury-in-fact).

Blue cites to *Tourgeman v Collins Fin. Servs., Inc.*, 755 F.3d 1109 (9th Cir. 2014), which stated that an "FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the hypothetical 'least sophisticated debtor' likely would be misled." *Id.* At 1117-18. Blue's reliance on *Tourgeman* is misplaced for two reasons. First, the Ninth Circuit decided *Tourgeman I* before the Supreme Court decided *Spokeo v. Robins*. More

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-00366-SVW-KK | Date | August 11, 2017 |
|---|---|---|---|
| Title | *Shon Blue v. Diversified Adjustment Service* | | |

importantly, after *Spokeo*, *Tourgeman* was remand to the District Court in a case now called *Tourgeman II*. There, the District Court held that the plaintiff lacked standing to pursue his claims based on *Spokeo*, analogous to this Court's decision to dismiss Blue's complaint for a lack of subject-matter jurisdiction. *Tourgeman v. Collins Fin. Servs, Inc.*, 197 F.Supp.3d 1205 (S.D. Cal. 2016).

The majority of the other cases Blue relies upon are either distinguishable or do not following the reasoning of the Supreme Court in *Spokeo*. *See e.g., Thomas v. Youderain*, 232 F.Supp.3d 656 (D.N.J. 2017) (holding that a plaintiff had standing under the FDCPA to challenge a **mandatory** fee for **all** credit card payments). Blue also cites to a large number of cases after *Spokeo* that allow standing for congressionally-created rights to information. In those cases, some courts have found that standing exists if a defendant fails to disclose information it is statutorily required to disclose. *See, e.g., Public Citizen v. Department of Justice*, 491 U.S. 440 (1989); *Verdun v. Fidelity Creditor Service*, 2017 WL 1047109 (S.D. Cal. 2017). In *Spokeo*, the Supreme Court noted that this may be one of the few areas where an injury-in-fact could come from a Congressionally-created right. *Spokeo*, 136 S. Ct. at 1549-50). However, Blue's complaint does not allege a violation any right to information. Instead, Blue's naked statutory claims under the FDCPA and RFDCPA are far more similar to the type of congressionally-created right found in the Fair Credit Reporting Act, the Act which led to the Supreme Court's decision in *Spokeo*.

Even giving Shon Blue's complaint full weight, Blue merely has a statutory claim without any concrete injury. He alleges no concrete harm from DAS' collection activity. His complaint relies only on claims of statutory violations without any specific or actual harm. Under *Spokeo*, Blue has no standing to assert his claims because he cannot show "an invasion of a legally protected interest" that is concrete instead of "conjectural or hypothetical." *Spokeo*, 136 S.Ct. at 1547-48.

IV.   **Conclusion**

For the foregoing reasons, Blue lacks standing under Article III for his FDCPA and RFDCPA claims. Accordingly, this Court DISMISSES Plaintiff's claims.

The prevailing party shall submit a proposed judgment.

Initials of Preparer

PMC